UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Norma Lindsay,<br><br>        Plaintiff,<br><br>vs.<br><br>Coastal Pure Beverages, LLC; Silver Screen Bottling Co. d/b/a Coastal Pure Beverages; Christopher Brett Thomason; and Gordon Whitener.<br><br>        Defendants. | CIVIL ACTION NO.: 2:25-cv-05443-BHH<br><br>**COMPLAINT**<br>**JURY TRIAL REQUESTED** |

## COMPLAINT

Norma Lindsay ("Lindsay" or "Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants Coastal Pure Beverages, LLC, ("Coastal"), Silver Screen Bottling Company ("Silver Screen"), Christopher Brett Thomason ("Thomason"), and Gordon Whitener ("Whitener") (collectively "Defendants" or "the Company") seeking to recover damages for Defendants refusal and/or failure to pay wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201, et seq. ("FLSA"), the South Carolina Payment of Wages Act, S.C. Code Ann., §§41-10-10, et seq. and in breach of contract.

## THE PARTIES

1. Plaintiff is an adult citizen and resident of Charleston, South Carolina. During all relevant times, Plaintiff was an employee of Coastal Pure Beverages, LLC, f/k/a Terressentia Corporation, employed as a Master Blender.

2. Defendant Coastal Pure Beverages, LLC ("Coastal") is a beverage bottling company and alcohol producer incorporated under the laws of the State of South Carolina with its principal place

of business at 4100 Carolina Commerce Parkway, Suites 102 and 103, North Charleston, South Carolina 29456.

3. Defendant Silver Screen Bottling Company ("Silver Screen") d/b/a Coastal Pure Beverages is a business operating in Knoxville, Tennessee and Charleston, South Carolina.

4. At all times relevant to this matter, Defendant Coastal and Defendant Silver Screen d/b/a Coastal Pure Beverages operated a production and bottling facility in Charleston County under the trade name "Coastal Pure Beverages" ("CPB").

5. Defendant Christopher "Brett" Thomason ("Thomason") is a citizen and resident of the state of Tennessee who has engaged in business in Charleston County within the past three years and continues to engage in business in Charleston County. Thomason exercises operational control over Defendant Coastal as its Chief Executive Officer and 22% owner, having the authority to hire, discipline, and fire employees; was involved in the decisions to set wages and pay employees; and therefore, Thomason is individually liable to Plaintiff.

6. Defendant Gordon Whitener ("Whitener") is a citizen and resident of the state of Tennessee who has engaged in business in Charleston County within the past three years and continues to engage in business in Charleston County. Whitener exercises operational control over Defendant Coastal as its Chairman and 78% owner, having the authority to hire, discipline, and fire employees; was involved in the decisions to set wages and pay employees; and therefore, Whitener is individually liable to Plaintiff.

7. At all times relevant, Defendants were joint employers of Plaintiff, as they were so intertwined with one another and were jointly responsible for the "manner and means" of Plaintiff's employment, including her pay, schedule, title, location, uniform and direction. Proa v. NRT Mid Atl., Inc., 618 F. Supp. 2d 447, 458 (D. Md. 2009), aff'd, 398 F. App'x 882 (4th Cir. 2010), citing Cmty. for Creative Non–Violence v. Reid, 490 U.S. 730, 751, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989).

## JURISDICTION AND VENUE

8. This action is brought pursuant to the FLSA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

9. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's allegations of violations of the South Carolina Payment of Wages Act, which are brought pursuant to the law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

10. Venue is appropriate within this District because the causes of action alleged to have occurred in this Complaint occurred in the District and in this Division.

## RELEVANT FACTS

11. Defendant Coastal is a spirits licensing, bottling and distribution company, jointly owned and operated by Defendants herein. Defendants partner with entertainment brands and celebrities to create, license and bottle custom spirits.

12. Upon information and belief, in or around November 2022, Silver Screen acquired Coastal, also formerly known as Green River Spirits Charleston, LLC, Terressentia and O2 Technologies.

13. Defendants have operated a production and bottling facility located at 4100 Carolina Commerce Parkway, Ladson, SC 29456 since their acquisition of Coastal.

14. Plaintiff was hired as a full-time salaried employee of Defendants' predecessor, O2 Technologies in 2005, employed as a Master Blender. In 2009, O2 Technologies became Terressentia Corporation and continued to employ Plaintiff.

15. On or about July 23, 2015, Plaintiff entered into an Employment, Noncompetition and

Confidentiality Agreement ("Employment Agreement") and an Assignment of Intellectual Property Agreement ("Assignment Agreement") with Defendants' predecessor, Terressentia Corporation ("Terressentia").

16. Pursuant to Section 10 of the Employment Agreement, "[A]ll of the terms and conditions, hereof, shall bind the Company and its successors and assigns…", thereby binding all successors of Terressentia, including Defendants, to the terms of the Employment Agreement.

17. Pursuant to Section 5(b) of the Employment Agreement; "If Employee's employment is terminated by the Company other than for Cause, then Employee shall be entitled to;

    (i)    the Accrued Benefits and

    (ii)    subject to Employee's execution of a separation agreement and release of claims in a form acceptable to the Company within thirty (30) days following Employee's last day of employment, an amount equal to six (6) months Base Salary paid on the first payroll date to occur after the thirtieth (30th) day following the date of termination."

18. Plaintiff was notified that she would be furloughed by Defendants toward the end of 2023. After being provided several assurances that she would return to work in early 2024, Plaintiff was informed by Defendants in March of 2024 that Coastal was being evicted, and in April of 2024 Coastal would be ceasing operations.

19. Plaintiff continued to be employed by Defendants through April 2, 2024, when her employment was terminated along with other Coastal employees.

20. Defendants have failed to pay Plaintiff the last three paychecks owed to her, totaling $10,661.02 in wages and benefits for the period of November 15 to December 30, 2023.

21. Despite repeated requests for compensation owed to her both under the FLSA, South

Carolina Payment of Wages Act and her Employment Agreement, Defendants have failed and/or refused to compensate Plaintiff.

22. Defendants also failed to pay Plaintiff her severance amount, $41,400.19, as owed pursuant to Section 5(b) of the Employment Agreement.

23. After Defendants did not respond to Plaintiff's requests and failed to compensate her, Plaintiff retained counsel to assist her in recovering the compensation owed to her by Defendants.

24. Defendants Thomason and Whitener were contacted and advised of the compensation owed to Plaintiff but did not respond.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage Violations

25. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

26. Defendants Coastal and Silver Screen are "employers" within the meaning of Fair Labor Standards Act, 29 U.S.C. § 203(s), because they have annual gross sales or business of at least $500,000 and have employees who are engaged in interstate commerce by, among other acts, entering into contracts, communicating, and otherwise conducting business over state lines.

27. At all times relevant herein, Defendants Coastal and Silver Screen have conducted business as a unified operation involving common control for a common business purpose with each other, such that they are part of the same business enterprise for purposes of the FLSA.

28. Defendant Thomason is also an "employer" under 29 U.S.C. § 203(d) because he has acted directly or indirectly in the interests of his corporate entities, business operations, and/or one another in relation to his employees, including Plaintiff.

29. Defendant Whitener is also an "employer" under 29 U.S.C. § 203(d) because he has acted directly or indirectly in the interests of his corporate entities, business operations, and/or one another in relation to his employees, including Plaintiff

30. In addition, Plaintiff is an "employee" under the FLSA during all times relevant to this Complaint because she involved in interstate commerce on a regular basis during his employment with Defendants.

31. Defendants have failed to pay Plaintiff an hourly rate of at least $7.25 per hour for each and every hour Plaintiff worked, as required by Section 6(a)(1)(C) of the FLSA, 29 U.S.C. § 206(a)(1)(C).

32. Defendants failed to pay Plaintiff for wages earned during some pay periods and only paid portions of wages owed for other pay periods well after they were legally due.

33. Plaintiff is entitled to minimum wage for every hour worked pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

34. The failure of Defendants to timely compensate Plaintiff at least minimum wage was knowing, willful, intentional, and done in bad faith.

35. Plaintiff is entitled to liquidated damages equal to the amount of unpaid wages due to him under the FLSA for all wages that were never paid and for all wages that were paid well after they were legally due, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**Violation of the South Carolina Payment of Wages Act,**
**S.C. Code Ann. § 41-10-10, et al.**

37. Plaintiff incorporates by reference the above paragraphs as though fully set forth

separately herein.

38. Pursuant to S.C. Code Ann. section 41-10-10 provides that "[e]very employer in the State shall pay all wages due in lawful United States money or by negotiable warrant or check bearing even date with the payday." S.C. Code Ann. § 41-10-40(A).

39. Pursuant to S.C. Code Ann. Section 41-10-10(2), "Wages' means all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, place, or commission basis, or other method of calculating the amount…"

40. Pursuant to S.C. Code Ann. § 41-10-40(C), an "employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law or the employer has given written notification to the employee of the amount and terms of the deductions as required by subsection (A) of Section 41-10-30."

41. Pursuant to S.C. Code Ann. § 41-10-50, "[w]hen an employer separates an employee from the payroll for any reason, the employer shall pay all wages due to the employee within forty-eight hours of the time of separation or the next regular payday which may not exceed thirty days."

42. Pursuant to S.C. Code Ann. § 41-10-80(C), an employee who has not been paid in accordance with the South Carolina Payment of Wages Act "may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow."

43. At all times relevant to the action, Defendants Coastal and Silver Screen were the employer of Plaintiff, covered by the wage mandates of the South Carolina Payment of Wages Act.

44. At all times relevant to the action, Defendants Thomason and Whitener were also employers of Plaintiff as defined by the SCPWA because they were officers and owners of the

corporate Defendants, Coastal Pure Beverages, LLC and Silver Screen Bottling Co. d/b/a Coastal Pure Beverages, and had the authority and obligation to ensure that their companies complied with applicable state and federal laws regarding employee compensation, including the SCPWA.

45. Defendants' refusal to compensate Plaintiff the wages owe to her is willful and as a result, Plaintiff is entitled to (1) all amounts due to her; (2) treble damages up to three times the amount of unpaid wages; and (3) attorney's fees.

### THIRD CAUSE OF ACTION
### Breach of Contract
### (Against Defendants Coastal and Silver Screen)

46. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

47. Pursuant to her Employment Agreement with Defendants, Plaintiff was entitled to an annual base salary of $82,800.38 to be paid out in bi-weekly installments of $3,553.67. Additionally, pursuant to Section 5(b) of the Employment Agreement, Plaintiff is entitled to a payment from the Company of six (6) months base salary, amounting to $41,400.19, on the first payroll date after the thirtieth (30) day following the date of termination given that Plaintiff was terminated without cause.

48. Defendants Coastal and Silver Screen, as successors to Terresentia, are parties to the Employment Agreement and bound by its terms.

49. Plaintiff was not paid her severance payment of six (6) months base salary ($41,400.19) as provided to her under Section 5(b) of the Employment Agreement.

50. Plaintiff has fulfilled her contractual duties under the Employment Agreement.

51. Defendants' failure to comply with their obligations under the Employment

Agreement is a material breach of contract.

52. Plaintiff has suffered damages in amounts owed to her under the contract and remaining unpaid.

WHEREFORE, Defendant is liable to Plaintiff for unpaid wages in such amounts as are proven at trial, plus treble damages up to three times the amount of wages owed, interest (both pre and post judgment), attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

BRETT M. EHMAN
Attorney at Law

June 13, 2025

/s/ Brett M. Ehman
Brett M. Ehman
S.C. Bar No.: 102443
Attorney for Plaintiff
2971 West Montague Avenue
Suite 203
North Charleston, SC 29418
(843) 225-3607
brett@ehmanlaw.com